HENRY F. HATCHMAN *vs.* SARAH A. HATCHMAN.

Suffolk.    January 21, 1925. — May 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Marriage and Divorce.    Rules of Court.*

An order for a decree *nisi* of divorce on the ground of adultery is warranted upon evidence tending to show that on three dates, two of which were named in the libel, the libellee and the corespondent were seen together in the room of the libellee in scant clothing and in affectionate postures, and that while in that condition the corespondent turned out the light.

The affidavit described in Divorce Rule 7 of the Superior Court (1923) is required in order to satisfy the court that no injustice will be done by permitting the names of corespondents to be inserted in the pleadings and not in order to inform the parties of specifications of the charges and of the witnesses thereto.

A libel for divorce contained allegations of adultery by the libellee on two named occasions and at "divers other times" between the date of her marriage and that of the libel. With the libel, the libellant filed affidavits under Divorce Rule 7 of the Superior Court (1923) as to the two occasions specifically named, but only one affidavit was filed as to the date first named in the libel, and that was by the libellant himself, who stated therein that he and "another person," not otherwise named by him, were witnesses to the offences charged. Upon the filing of the affidavits, a motion to amend the libel to include the name of the corespondent was allowed, and he was cited. The libellee and the corespondent then moved to strike out the charge in the libel as to the first date named. The motion was denied. *Held,* that

(1) If the affidavits filed under the rule are sufficient to justify a belief that the corespondent has committed adultery as alleged, it is immaterial that they do not deal with every act of adultery alleged in the libel, or disclose the witnesses, other than the affiant, to the acts referred to in the affidavits;

(2) The affidavits were sufficient;

(3) The motion properly was denied.

LIBEL for divorce, filed in the Superior Court on December 18, 1923, charging that the libellee on or about February 23, 1923, March 23, 1923, "and at divers other times between her said marriage" and the date of the libel "committed the crime of adultery with a person whose name and residence are known to your libellant."

With the libel were filed affidavits. The affidavit as to the offence of February 23, 1923, was by the libellant only and stated in substance that he and "another person," who was not otherwise named, were witnesses to illicit relations between the libellee and John J. Kiely at 852 Huntington Avenue in Boston.

The libellant filed a motion with the affidavit and the libel that the libel be amended by striking out the words "with a person whose name and residence are known to your libellant," and substituting therefor "with John J. Kiely of Boston aforesaid." The motion was allowed.

The libellee and the corespondent each filed an answer and a motion "that the allegation in the libel as to the occurrence on the twenty-third day of February may be stricken from said libel and as grounds and reasons for this motion the libellee alleges and says that the affidavit in support thereof does not comply with Divorce Rule 7." The motions were denied.

The libel was heard by *Hall*, C.J. There was evidence tending to show that on the dates named in the libel and on February 27, 1923, the libellant and others from outside saw the libellee and the corespondent in the libellee's room in scant apparel and affectionate postures, and that the corespondent then turned out the light. At the close of the evidence, the libellee and the corespondent severally asked for the following rulings:

"1. That the burden is upon the libellant to show by pre-

ponderance of the evidence the commission of adultery between the libellee and the person named as corespondent.

"2. That there is no competent evidence in the record of adultery between the corespondent and the libellee.

"3. That there is no evidence in the record of any acts or instances of improper familiarity between the libellee and the corespondent either prior or subsequent to the filing of the libel.

"4. That there is no evidence of the existence of an adulterous disposition of the corespondent at any time prior or subsequent to the filing of this libel.

"5. That there is no evidence in this record which establishes speech or conduct on the part of the libellee and the corespondent which would indicate an adulterous disposition.

"6. That there is no competent evidence in the record of any suspicious circumstances between the libellee and the corespondent as would 'lead the guard of discretion of a reasonable and just man to the conclusion of guilt.'"

By order of the Chief Justice, a decree *nisi* was entered and the libellee and the corespondent alleged exceptions.

Divorce Rule 7 of the Superior Court (1923) reads as follows:

"In proceedings for divorce, whenever adultery is charged in the libel, cross-libel or other pleading, it shall be stated therein that the name and residence of the co-respondent is known or is not known to the pleader. If it is stated that the name and residence are known, or that the name is known but the residence is unknown, in either case the party pleading shall deliver to the clerk upon filing the libel, cross-libel or other pleading, affidavits, other than those of counsel, supporting the allegation of adultery and a motion to amend the libel, cross-libel or other pleading by inserting the name of the co-respondent.

"This motion with the affidavits shall be sealed up by the clerk and be presented by him to some justice, who shall, upon inspection thereof and upon such further *ex parte* hearing as he may deem proper, grant the motion if he finds probable cause has been shown to believe that the person named in said motion has committed adultery as alleged.

"If the motion is allowed, the clerk shall make an entry in the docket: Motion to insert name of co-respondent allowed.

"If the motion is denied, it shall be sealed by the justice and returned to the clerk with a memorandum that the motion is denied; and the clerk shall make an entry in the docket: Motion to insert name of co-respondent denied. The motion shall not be read to the court during the divorce proceedings.

"In all cases the affidavit or affidavits after inspection by the justice, shall be sealed and returned to the clerk, who shall hold the same subject to the order of the court or some justice thereof: provided that counsel of record, the parties, or any co-respondent named in the amended pleadings, if the amendment is allowed, may, as of course, inspect and make copies thereof.

"Unless such motion and affidavits are delivered to the clerk as herein required, the libel or cross-libel shall be dismissed without prejudice as of course.

"If the co-respondent is unknown at the time of filing the libel, cross-libel or other pleading, but becomes known while the matter is pending, a motion and affidavits shall thereupon be delivered to the clerk and proceedings be had as hereinbefore described."

The case was submitted on briefs.

*B. J. Killion, F. S. Di Mento, & G. F. Mitchell,* for the libellee and corespondent.

*H. F. R. Dolan, J. H. Morson, & C. H. Stebbins,* for the libellant.

WAIT, J. It is too clear to require discussion that the evidence of the libellant and his witnesses, if believed, would justify a finding that adultery was committed by libellee and the corespondent. The first request for ruling was given. The others were denied properly.

Divorce Rule 7 of the Superior Court (1923) was complied with. If the affidavits filed under that rule (G. L. c. 208, §§ 10, 11; St. 1922, c. 532, § 6) are sufficient to justify a belief that the corespondent has committed adultery as alleged, it is immaterial that they do not deal with every act of adultery

alleged in the libel. They are not necessarily defective if they do not disclose the names of the witnesses other than the affiant to the acts referred to in the affidavit. They are required, not as is here contended, in order to inform the parties of specifications of the charges and of the witnesses thereto, but in order to satisfy the court that no injustice is done by permitting the names to be inserted in the pleadings.

The motions to strike from the libel the allegations of acts committed on February 23, 1923, and to dismiss the libel were denied rightly.

*Exceptions overruled.*